United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Hernandez & Luna Produce and Quality First Produce, Inc., Plaintiffs | ) ) ) |
| v. | ) ) Civil Action No. 17-21682-Civ-Scola ) |
| Luis A. Burbano and others, Defendants. | ) ) ) |

## **Temporary Restraining Order**

This is an action brought under the Perishable Agricultural Commodities Act (the "PACA"), 7 U.S.C. § 499a et seq., seeking to enforce the trust provisions established in its section 5(c), 7 U.S.C. §499e(c). According to the allegations in the First Amended Complaint, the Plaintiffs are duly licensed sellers of perishable agricultural commodities under the PACA, and from January of 2017 through April of 2017, sold to Defendant Luis A. Burbano, doing business as Lua, perishable agricultural commodities in the collective amount of $593,431.15, which remains past and owing, despite due demand.

This matter is before the Court on the Plaintiffs' Emergency Motion for a Temporary Restraining Order Without Notice (ECF No. 9). In support of the motion, the Plaintiffs have submitted the Declarations of Francisco Hernandez, Preston Johnson, and Robert E. Goldman, as well as a Memorandum in Support and the Attorney's Certification as to Why Notice Should Not Be Required Pursuant to Fed.R.Civ.P. 65(b). (*Id.* at Attach.'s 1-7.)

The Declaration of Francisco Hernandez provides evidence that: (1) he is the owner of Hernandez & Luna Produce ("H&L"); (2) H&L is owed $356,956.00 for perishable tomatoes sold to Defendant Burbano, doing business as Lua, which amount is past due and owing; and (3) that Burbano has given 6 checks in the name of "Lua" to H&L, which H&L's bank returned with "Stop Payment" written on them. (Decl. of Francisco Hernandez ¶¶ 3, 6-8, ECF No. 9-1).

The Declaration of Preston Johnson provides evidence that: (1) he is the owner of Quality First Produce, Inc. ("Quality First"); (2) Quality First is owed $236,475.15 for perishable produce sold to Burbano, doing business as "Lua" and "Lua Farms" and "LUA ENTERPRISES CORP," which amount is past due and owing; (3) that Burbano has given 4 checks in the name of "Lua" alone to Quality First, one of which was returned from the bank without payment, and

that Burbano has told Johnson not to cash the remaining three checks since he closed the account; and (4) that there are other unpaid suppliers of produce. (Decl. of Preston Johnson ¶¶ 3, 5-7, ECF No. 9-2.)

The Declaration of Robert E. Goldman provides evidence that Burbano and the corporate Defendants do not have a license to distribute perishable agricultural commodities with the U.S.D.A., and that Burbano has a history of forming Florida companies whose names begins with "Lua," and when that company gets sued for non-payment he then forms another Florida company whose name begins with the name "Lua." (Decl. of Robert E. Goldman, ECF No. 9-3.)

Having considered the allegations in the First Amended Complaint (ECF No. 1), the Motion Requesting a Temporary Restraining Order (ECF No. 9), the Memorandum of Law and the supporting documents, as well as the requirements of Fed.R.Civ.P. 65(b), the Court hereby **grants** the Plaintiff's Motion for Temporary Restraining Order (**ECF No. 9**) upon finding: (1) it appears that the Defendants owe the Plaintiffs the amount of $593,431.15; (2) there is a statutory trust over said amount established pursuant to the provisions of 7 U.S.C. § 499(c); and (3) the Defendants' failure to pay the Plaintiffs the amount they owe despite the existence of the statutory trust demonstrates that said trust is threatened with dissipation causing irreparable injury to plaintiff. In particular, the return of the checks that the Defendants wrote to H&L and Burbano's instruction to Quality First not to cash any of the checks that he wrote to it establishes that immediate and irreparable injury, loss, or damage will result to the Plaintiffs if notice is given to the Defendants.

Accordingly, it is **ordered and adjudged** as follows:

1. Defendants Luis A. Burbano, Lua Enterprises, Corp., Lua Produce Corp., Lua Farms Corp., and Lua Farms Group, Corp., and their officers, agents, servants, employees, assigns, financial institutions, and factors, are restrained from dissipating, disbursing, or otherwise encumbering any and all funds, monies, accounts receivables, and/or unliquidated interests of any type whatsoever now in their possession and/or under their control, as well as any and all funds and/or monies hereinafter received, and their bank accounts are frozen, except that: (a) the Defendants may pay the Plaintiffs amounts in satisfaction of amounts owed to the Plaintiffs, and (b) the Defendants may sell perishable produce and items in inventory at the time of being served with this Order, but all such sales shall be written-up on an invoice which shall indicate the commodity sold, the quantity, the

price, and whether the sale was for cash or on credit, and such invoice shall be delivered at the end of each day to Counsel for Plaintiffs, Robert E. Goldman, Esq. by fax at (954) 745-7460, or by email at robert@goldmanlaw.com, or by personal delivery at the Law Office of Robert E. Goldman, 1 East Broward Blvd., Ste. 700, Ft. Lauderdale, FL 33301, and the money received from such sales shall promptly be deposited into the Court's registry or the trust account of Plaintiffs' Counsel where it shall remain until further order of the Court. Defendants shall promptly provide their financial institutions and factors with a copy of this Order.

2. Within twenty-four (24) hours of receiving notice of this Order, each Defendant shall deliver to Plaintiffs' Counsel, Robert E. Goldman, Esq. by fax at (954) 745-7460, or by email at robert@goldmanlaw.com, or by personal delivery at the Law Office of Robert E. Goldman, 1 East Broward Blvd., Ste. 700, Ft. Lauderdale, FL 33301, a full accounting of all perishable agricultural commodities sold or other disposed of by each Defendant since January 11, 2017, and all receivables and proceeds from the distribution of such perishable agricultural commodities, which accounting shall include the following: (1) a current accounts receivable report showing the amount of money that each customer owes to each Defendant for produce sold, which report shall include the full name, telephone number, and address of each customer, and (2) the names of banks and factors used since January 11, 2017, and account numbers at those banks in which money from the sale of produce was deposited.

3. Within five (5) days of receiving notice of this Order, each Defendant shall deliver to Plaintiffs' Counsel, Robert E. Goldman, by fax at (954) 745-7460, or by email at robert@goldmanlaw.com, or by personal delivery at the Law Office of Robert E. Goldman, 1 East Broward Blvd., Ste. 700, Ft. Lauderdale, FL 33301, the following: (1) a current accounts payables reports showing amounts owed by each Defendant to each supplier of produce, which report shall include the full name, telephone number, (2) all customer invoices for produce sold or otherwise distributed since January 11, 2017, (3) bank statements for all accounts since January 11, 2017, (4) check registers for all accounts for all Defendants showing checks written since January 11,

2017, and (5) checks (front and back) for all accounts written since January 1, 2017.

4. Defendants shall be relieved of the above requirements after they pay Hernandez & Luna Produce good funds in the amount of $356,956.00, and Quality First Produce, Inc. good funds in the amount of $236,475.15.

5. The Plaintiffs shall not be required to post a bond in view of the fact that the Defendants appear to hold $593,431.15 of PACA trust assets which belong to the Plaintiffs and this Order merely requires the Defendants to obey the requirements of the PACA.

6. A hearing on the Plaintiffs' Motion for a Preliminary Injunction (ECF No. 12) is set at **10:00 a.m. on May 18, 2017**, at Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue Room 12-3 Miami, Florida 33128. Any opposition papers must be filed by, and personally served, or served by fax or email, no later than **May 15, 2017**.

7. Plaintiff shall forthwith serve upon all Defendants a copy of the First Amended Complaint, of the Motions for Temporary Restraining Order and for Preliminary Injunction, and all related filings.

8. This Temporary Restraining Order shall expire within ten days from the date of its issuance, unless dissolved or extended pursuant to further order of the Court.

**Done and ordered** at Miami, Florida, on May 8, 2017.

_____
Robert N. Scola, Jr.
United States District Judge