United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Hernandez & Luna Produce and ) | |
| Quality First Produce, Inc., Plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 17-21682-Civ-Scola |
| ) | |
| Luis A. Burbano and others, ) | |
| Defendants. ) | |

**Order Granting Motion To Withdraw As Counsel**

Attorney Timothy Henkel of Henkel & Cohen, P.A., asks the Court for permission to withdraw from representing the Defendants in this matter because irreconcilable differences have arisen. (Mot. to Withdraw, ECF No. 27.) A lawyer who determines that withdrawing from representing a client is appropriate often feels conflicted between his ethical duty to maintain client confidences and her need to explain to a court that withdrawal is justified (or even required) in the case. To deal with this, our legal system has developed the term "irreconcilable differences" as a euphemism to mean that the lawyer can no longer ethically and fairly represent the client. *See, e.g.*, *Horan v. O'Connor*, 832 So. 2d 193, 193 (Fla. 4th DCA 2002). Courts have accepted this practice. *Id.* at 194.

As Mr. Henkel notes, the next deadline in this matter is not until September 25, 2017, when the parties must submit a joint interim status report and a proposed order scheduling mediation. Mr. Henkel represents that he has assisted the Defendants in producing documents in response to the Plaintiffs' discovery requests and there are no pending issues. (Mot. at 2.) At this point in the litigation, withdrawal of counsel should not cause too great of an impact on the progress of the case. Having reviewed the Motion, the record, and the relevant legal authorities, the Court **grants** the motion to withdraw (**ECF No. 27**). Attorney Timothy Henkel and the law firm Henkel & Cohen, P.A., are permitted to withdraw as counsel of record for the Defendants effective immediately.

The Court **further orders** that:
1. Because a corporation may not litigate a matter *pro se*, Defendants Lua Enterprises, Corp., Lua Produce Corp., Lua Farms, Corp. and Lua Farms Group, Corp. are **ordered** to retain new counsel on or before **September 7, 2017**. The new counsel must file a notice of appearance by this deadline. If the Defendants fail to timely retain new counsel, the Court may hold the corporations in default.

2. The individual Defendant, Luis A. Burbano, must either (a) retain new counsel and have that counsel file a Notice of Appearance with the Court by **September 7, 2017**, or (b) file a Notice with the Court by **September 7, 2017**, stating that he wishes to represent himself (i.e., proceed *pro se*). If Burbano fails to do either (a) or (b) by that date, the Court may hold him in default.
3. Until the Defendants retain counsel, all future filings, correspondence, and orders must be sent to the following address:

    Luis A. Burbano
    1442 NW 82nd Avenue
    Miami, FL 33126

    *and*

    burbanol@hotmail.com

4. The Court **directs** the Clerk to update the docket to reflect the *pro se* status of Defendant Burbano and to link the above address with this party to ensure that the Clerk's Office will mail copies of future filings, correspondence, and orders to the Defendants.

**Done and ordered** at Miami, Florida on August 17, 2017.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy to*:

Luis A. Burbano
1442 NW 82nd Avenue
Miami, FL 33126